NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL B. KATZOVICZ II,<br><br>Plaintiff,<br><br>v.<br><br>HIH LOGISTICS, INC., *et al.*,<br><br>Defendants. | Civil Action No.<br>21-4535 (ZNQ) (TJB)<br><br>**MEMORANDUM OPINION** |

QURAISHI, U.S.D.J.

      This matter comes before the Court upon Pro Se Plaintiff Samuel B. Katzovicz's ("Plaintiff") Emergent Motion for Temporary Restraining Order and Desist Order ("Emergent Motion"). (Emergent Motion, ECF No. 12.) In response to Plaintiff's Emergent Motion, the Court issued an Order to Show Cause ("OTSC") requiring Plaintiff to "show cause as to his standing to both (1) bring his initial March 4, 2021 Complaint (ECF No. 1) and (2) seek restraints against Defendants HIH Logistics, Inc. [("HIH")] and Enel Green Power Energy [("Enel Green", collectively , "Defendants")] as requested in his May 7, 2021 Emergent Motion (ECF No. 12)." (OTSC, ECF No. 13.) Plaintiff responded to the Court's OTSC on May 14, 2021. (Pl.'s Response to OTSC, ECF No. 14.) HIH replied to Plaintiff's Response to the OTSC on May 21, 2021. (HIH's Reply, ECF No. 17.) The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, the Court finds that Plaintiff has failed to show that he has standing to bring his Complaint and his Emergent Motion.

I.  **BACKGROUND**

Plaintiff filed his Complaint on March 4, 2021 against Defendants[1], alleging that failure to pay invoices to Plaintiff resulted in "reputational harm, employee and financial loss, predatory demands and irreparable harm to Plaintiff." (Compl. at 2, ECF No. 1.) On April 9, 2021, HIH filed a Motion to Dismiss ("MTD") or In the Alternative, Transfer Venue, (MTD, ECF No. 8), and on April 30, 2021 Plaintiff filed his opposition, (Pl.'s Opp'n to MTD, ECF No. 9). Before HIH could file its reply, Plaintiff filed his Emergent Motion on May 7, 2021. (*See* Emergent Motion.) The Court then issued its OTSC on May 10, 2021. (*See* OTSC.)

In his Complaint, Plaintiff alleges that Defendant contracted with TMX Intermodal TX[2] for ocean container and freight moving services. (Compl. at 2.) Plaintiff alleges that TMX Intermodal TX performed the services requested by Defendant fully, subject to the standard terms and conditions of service. (*Id.*) TMX Intermodal TX submitted invoices for its services to Defendant, but Defendant refused to pay. (*Id.*) Plaintiff claims he "bought TMX Intermodal claim[sic] against HIH Logistics Inc., Enel Green Power [.]" (*Id.*) Plaintiff seeks monetary damages in the amount of $75,000 for unpaid invoices plus accrued late charges and additional damages of $500,000, totaling $575,000. (*Id.*)

In his Emergent Motion, Plaintiff seeks a temporary restraining order "enjoining defendant HIH Logistics from operating in the US without a certification and registration with United States

---

[1] The Complaint is less than clear with respect to the bases for Plaintiff's claims against each of the defendants. Both HIH and Enel Green are named as defendants, but the Complaint briefly and summarily alleges facts with respect to only a singular "Defendant." (Compl. at 2.) For the purposes of articulating Plaintiff's position, the Court therefore refers to one Defendant.

[2] Plaintiff has identified two separate names for this entity, TMX Intermodal TX, Inc., (Emergent Motion), and TMX Intermodal Logistics TX, Inc., (Pl.'s Response to OTSC). Defendant admits that it contracted with TMX Intermodal, Inc. (HIH's Reply at 1 n.1.) The Court uses the names interchangeably to refer to the party Defendant contracted with and from whom Plaintiff alleges to have purchased the invoices.

Department of Transportation, therefore endangering the safety and well-being of its population and destroying, disposing of, or ceasing operation of any asset related to movements of any commercial, industrial and consumer products, any documents related to hazardous materials, pending entry by the Court of a final judgment in this action." (Emergent Motion at 1.) He seeks similar relief from Enel Green Power. (*Id*. at 2.) In support of his motion, Plaintiff relies on his Verified Complaint and the Certification of Nancy Morales ("Morales"), who is the President of Integrated Trucking Solutions Corporation and a United States Department of Transportation Safety Consultant. (Morales Cert., Emergent Motion at 4–5.) Morales asserts that "HIH Logistics is operating outside a legal framework of FMCSA [Federal Motor Carrier Safety Administration] compliance, and outside US DOT certification process, transporting and causing to move commercial cargo between states and through international waterways without the requisite registration, certification and insurance." (*Id*. at 5.)

The question before the Court now is whether Plaintiff has demonstrated that he has standing to bring his Complaint and his Emergent Motion.

## II.     LEGAL STANDARD

Article III of the United States Constitution limits the judicial power of federal courts to "the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Thus, federal courts may only "adjudge the legal rights of litigants in actual controversies." *Id.* (citations omitted.) To determine whether there is an actual case and controversy before the Court and "to ensure that federal courts do not exceed their authority[,]" Courts look to the doctrine of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *ASAH v.*

*New Jersey Dept. of Education,* 330 F. Supp.3d 975, 996 (D.N.J. 2018). (citations omitted.) Standing may also be raised by the Court *sua sponte*. *Crisafulli v. Ameritas Life Ins. Co.,* Civ. No. 13-5937, 2015 WL 1969176, at *1 n.2 (D.N.J. Apr. 30, 2015) ("Here, the Court raises standing *sua sponte.* Because standing is a constitutional prerequisite for federal court jurisdiction, the issue of standing may be raised by the Court in this manner.")

The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* (citations omitted.) Standing consists of three elements: "[t]he Plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citations omitted.) "The Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citations omitted.) In the pleading stage, as is the case here, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (citations omitted).

The threshold question is whether a plaintiff has suffered an injury in fact. *Id.* To show injury in fact, a plaintiff must demonstrate that he or she has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not just conjectural or hypothetical.' " *Id.* at 1548. (citations omitted.) The particularity element of injury in fact requires a plaintiff to demonstrate that he is "affected in a personal and individual way." *Id.* The concrete element requires that the injury be " 'real,' and not 'abstract.' " *Id*.

Federal courts may also deny judicial review in their prudent judicial administration, otherwise referred to as the doctrine of prudential standing. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 733 (D.N.J. 2013). "A court may decide that in certain instances policy militates against judicial review, such as when the wrong party in interest files suit." *Id.* (citations omitted.)

"A party lacks prudential standing if it is not the real party in interest, but instead asserts the rights of another third party." *Id.* (citations omitted). "A 'real party in interest' is defined as 'the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Id.*

"In evaluating a Rule 12(b)(1) motion to dismiss, the reviewing court must first determine whether the motion 'presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed.'"[3] *ASAH*, 330 F. Supp. at 997. "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Id.* (citations omitted.) "A factual challenge, on the other hand, 'attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts.'" *Id.* "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Id.*

### III. DISCUSSION

#### A. Standing to File Complaint

To begin, the Court finds that Plaintiff's Complaint does not adequately allege sufficient facts, which if accepted as true, would confer standing upon Plaintiff. In his response to the OTSC, Plaintiff does not articulate how he has standing to bring the claims in his Complaint beyond asserting that he is a "factoring agent" for TMX "buying invoices for drayage services for a small discount." (*See generally* Pl.'s Response to OTSC.) Instead, Plaintiff baldly asserts that he is entitled to payment from HIH under the theory that HIH was unjustly enriched. (Pl.'s Response to

---

[3] This matter comes before the Court on an OTSC, not a motion to dismiss. (*See* OTSC.) However, the Court's analysis is not affected by this procedural difference. *See Crisafulli*, 2015 U.S. Dist. LEXIS 56499 at *12.

OTSC at 2.) Specifically, Plaintiff alleges that TMX Intermodal Logistics TX, Inc. contracted with HIH to deliver solar panels from HIH to Enel Green. (*Id.*) According to Plaintiff, he credited payments to TMX Intermodal Logistics TX, Inc. for its services and he expected to be paid from payments HIH made to TMX Intermodal Logistics TX, Inc. (*Id.*) Plaintiff alleges he was never paid. (*Id.*) Plaintiff asserts that HIH entered into a contract with TMX Intermodal TX, TMX Intermodal TX provided the services, TMX Intermodal TX submitted invoices to HIH, and HIH refused to pay for the services rendered in good faith. (Compl. at 2.) Plaintiff, however, does not allege an agreement between himself and TMX Intermodal TX, an agreement between himself and either or both Defendants, and thus, does not draw any connection between himself and alleged outstanding invoices. The other claims in the Complaint against HIH run even further afield; Plaintiff does not allege any facts supporting his claims of injuries to "reputation, employee and financial loss to TMX, predatory demands and irreparable harm to the service provider," nor does Plaintiff provide any facts as to why he is entitled to sue for "financial loss to TMX" and "irreparable harm to the service provider," who according to Plaintiff was TMX. In light of Plaintiff's failure to adequately allege facts in his Compliant, the Court finds that Plaintiff has not facially demonstrated that he has standing to bring his Complaint against HIH. With respect to Enel Green, Plaintiff says even less, stating merely that it was the party receiving containers from TMX. Accordingly, based on the record before it, the Court finds that Plaintiff has not adequately pled the standing required to pursue his claim for non-payment against either Defendant.

      In addition to its facial inadequacies, Plaintiff's Complaint is also called into question factually by HIH in its response to the OTSC. As HIH points out, Plaintiff presents no evidence of an agreement with TMX or that he purchased invoices from TMX Intermodal, Inc., and is thus the real party in interest entitled to receive payment. Perhaps more telling, HIH asserts that it received

a voicemail from TMX asking for payment of the same past due invoices. (*Id.*; *see also* Certification of Yang Zhao ("Zhao Cert.") at 2, ECF No. 17-1.) This is inconsistent with Plaintiff's assertions that he is the party entitled to payment and to pursue claims on behalf of TMX.

In short, the Court finds that Plaintiff has failed to meet his burden of establishing standing to file his Complaint and on that basis the Complaint should be dismissed.

B. **Standing to File Emergent Motion**

Given that the Court has found that Plaintiff does not have standing to bring his Complaint, the Court need not consider whether Plaintiff has standing to file his Emergent Motion. However, even assuming that the Court had found Plaintiff to have standing to file his Complaint, the Court also finds Plaintiff does not have standing to pursue the injunctive relief in his Emergent Motion. Plaintiff seeks a temporary restraining order "enjoining defendant HIH Logistics from operating in the US without a certification and registration with United States Department of Transportation, therefore endangering the safety and well being of its population and destroying, disposing of, or ceasing operation of any asset related to movements of any commercial, industrial and consumer products, any documents related to hazardous materials, pending entry by the Court of a final judgment in this action." (Emergent Motion at 1). Plaintiff's Emergent Motion also seeks a temporary restraining order as to Enel Green "to prevent [it] from conspiring with another phantom company to move or cause to move products in unsafe and unregistered manner in the US." (*Id.* at 2.)

Plaintiff argues that HIH's lack of certification and compliance with FMCSA "is causing Plaintiff to lose the ability to ask for action by authorities and bonding agents to remedy the damage and losses caused by HIH." (Pl.'s Response to OTSC at 3.)  Plaintiff further states, "[t]his request is not a cavilling argument about trivial matters. It involves a US federal authority to supervise and

regulate interstate and international waterways movements of goods." (*Id*.) However, Plaintiff provides no basis for his standing to seek injunctive relief on behalf of the USDOT or FMCSA.

Defendant argues that: (1) "There is no private right of action authorizing the broad injunctive relief that Plaintiff seeks here[;] and [(2)] Plaintiff has failed to identify and identifiable injury caused by HIH's alleged failure to adhere to unspecified FMCSA regulations." (HIH's Reply at 4.)

The Court agrees with Defendant. Plaintiff has not provided the Court with any basis for a private right of action for monetary damages resulting from non-compliance with the FMCSA regulations. Under 49 U.S.C.S. § 14704, Rights and Remedies of persons injured by carriers or brokers, it states "[a] person injured because a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 [omitted] does not obey an order of the Secretary or the Board, as applicable, under this part, [omitted] except an order for the payment of money, may bring a civil action to enforce that order under this subsection. A person may bring a civil action for injunctive relief or violations of sections 14102, 14103, and 14915(c)." However, Plaintiff has not alleged that the Defendant is either a broker or carrier. Furthermore, Plaintiff has not alleged, because he cannot based on the facts presented to the Court, that Defendant violated sections 14102, 14103, or 14915(c). None of these sections relate in any way to Plaintiff's claim that he is unable to ask for "action by authorities and bonding agents to remedy the damage and losses caused by HIH." *See* 49 U.S.C. §§ 14102, 14103, 14915(c).  Therefore, because Plaintiff cannot point to any private right of action under the FMCSA regulations for violations of the same, he has failed to demonstrate that he has standing to bring his Emergent Motion.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Plaintiff does not have standing to file his Complaint or his Emergent Motion. The Court will dismiss Plaintiff's Complaint in its entirety, allow Plaintiff to amend his Complaint, and deny Plaintiff's Emergent Motion. An appropriate order will follow this Memorandum Opinion.

                                                    Zahid N. Quraishi
                                                    UNITED STATES DISTRICT JUDGE