

PHILIP W. CRAWFORD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4803 Fax: (973) 639-6327
pcrawford@gibbonslaw.com

August 26, 2021

**ELECTRONICALLY FILED**

Magistrate Judge Tonianne J. Bongiovanni, USMJ
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building &
U.S. Courthouse, Room 6052
402 E. State Street
Trenton, New Jersey  08608

  **Re: Katzovicz v HIH Logistics**
    **Civil Action No.:  3:21-cv-004535 (ZNQ-TJB)**

Dear Magistrate Judge Bongiovanni:

  This office represents the interests of defendant HIH Logistics, Inc. "HIH") in the above matter which concerns the plaintiff's claims that he is due monies on an logistics agreement extant between HIH and non- party TMX Intermodal.  This letter seeks leave to file a motion to dismiss predicated on issues already raised to the Court.  This office was directed to file this letter request by personnel within Judge Quraishi's chambers.

  Plaintiff filed this complaint on March 4 (Dkt No. 1)  While process was never properly served on Defendant HIH, on April 9, this office, along with co-counsel Lee, Hong, Degerman et al,  filed a motion to dismiss based on personal jurisdiction, improper service of process and incorrect venue.  In the alternate, a request for transfer of this matter to the Northern District of Texas was made (Dkt. No. 8).

GIBBONS P.C.

Magistrate Judge Tonianne J. Bongiovanni, USMJ
August 26, 2021
Page 2

Thereafter, Plaintiff filed his own motion for emergent relief seeking an order to show cause why defendant HIH should not be barred from operations due to supposed failures to file necessary US Department of Transportation documentation (Dkt No. 12)  In response, the Court *sua sponte* called on the plaintiff to show cause why he had standing to even bring the present action (Dkt. No. 13) .

Judge Quraishi ruled on July 19 that the plaintiff did not have standing to file suit based on the documentation before the Court; said documentation not showing any assignment of claims from nonparty TMX to plaintiff  (Dkt. No 20) . The Court further ruled that the plaintiff's claims regarding the status of HIH were not relevant to the case before the Court. Id.  The Court dismissed Plaintiff's complaint but  allowed Plaintiff 30 days to file an amended complaint if he so elected. Id.

The Court did not address the April 9 motion of Defendant HIH seeking to dismiss plaintiff's complaint for lack of personal jurisdiction, improper venue and service of process.  It is conceded that dismissal of the Plaintiff's complaint could be construed to render moot the prior motion.

The Plaintiff did file an amended complaint on July 30.  The amended complaint did present a document purporting to show the authority of the plaintiff to act on behalf of non party TMX Intermodal. The *bona fides* of this document will be tested during discovery.   The complaint, however,  did not cure or address the issues of personal jurisdiction, improper service

GIBBONS P.C.

Magistrate Judge Tonianne J. Bongiovanni, USMJ
August 26, 2021
Page 3

of process nor venue. (Dkt No.22)   This situation would call for the re-filing of the April 9 motion to dismiss in identical form and substance.. Regrettably until today, however it was not noticed that the amended complaint was filed.   While the automatic clerk's extension afforded by Local Rule 6.1 would have allowed until August 27 for the Defendant HIH to answer or in this instance, to re-file the prior motion to dismiss, since a request for the extension was not made before the answer due date (August 13), said rule requires that the extension of time request "must be presented to the Court for consideration."

Case law is legion in this Circuit that cases should be decided on their merits and not timing issues.  See e.g., Kimberg v Univ. of Scranton, 411 F. App'x 473, 479 (3d Cir. 2010) (untimely answers should be allowed and doubts resolved in favor of allowing a determination on the merits citing Gross v Stereo Component Systems, Inc., 700 F. 2d 120, 122 (3d Circ. 1983)).  To be sure, no default has been requested as of the date of this letter, and Defendant HIH only seeks leave to re-file its motion to dismiss by Friday August 27, the very same day a filing would have been due had a request for time extension been requested of the Clerk before the answer to the amended complaint was itself  due (August 13).

Given that the time requested is no different than otherwise allowed by operation of Local Rule 6.1, it is submitted that no prejudice befalls any of the parties to this action by granting the request herein made.  In particular, since the motion is substantively as previously presented, the nature of the application should come as no surprise to the Plaintiff who elected in

GIBBONS P.C.

Magistrate Judge Tonianne J. Bongiovanni, USMJ
August 26, 2021
Page 4

filing his amended complaint to not cure or address any of the deficiencies cited by the Defendant.

It is respectfully requested that the Court approve the request that Defendant be allowed to file its motion to dismiss by the end of Friday August 27. Given the timing at issue, this office will follow up with the court in the morning to see if a determination has been made.

I thank the Court for its time and apologize for the need to impose on the Court in regard to this issue.

                                                Respectfully submitted,

                                                s/ Philip W. Crawford

                                                Philip W. Crawford

PWC/kdc
Enclosures

cc:    All parties via ECF
       (w/enclosures)